# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CARMEN A. ALICEA, | )<br>)<br>) |
| Plaintiff, | )<br>) Civil Action No. |
| v. | ) 16-11926-FDS<br>) |
| NORTH AMERICAN CENTRAL SCHOOL BUS, LLC, | )<br>)<br>) |
| Defendant. | )<br>) |

## MEMORANDUM AND ORDER ON DEFENDANT'S MOTION TO DISMISS

**SAYLOR, J.**

This is a workplace discrimination action. Plaintiff Carmen Alicea has brought suit against her former employer, defendant North American Central School Bus, LLC. The complaint alleges claims arising under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, and the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.*

Defendant has moved to dismiss the complaint for failure to state a claim upon which relief can be granted. For the following reasons, defendant's motion will be granted.

**I.       Background**

The facts are set forth as alleged in the complaint.

Plaintiff Carmen Alicea is a Hispanic woman over the age of forty. North American Central School Bus, LLC, ("NACSB") is a limited liability company that manages school bus contracts, including the contract for the Waltham schools.

On August 1, 2011, Alicea began working for NACSB as a contract manager. Alicea's son, Francisco, also worked for NACSB, as a bus monitor.

On October 17, 2012, Francisco was accused of "engaging in [unspecified] inappropriate activity." (Compl. ¶ 8). The Waltham schools "requested [his] immediate removal." (*Id.*)

The complaint alleges that it was one of Alicea's duties as a contract manager to investigate allegations of wrongdoing, and that pursuant to that duty, she attempted to view videos in the custody of the police concerning the October 17 incident. The police refused to permit Alicea to view the videos. Thereafter, Alicea filed a report with NACSB concerning what she knew of the October 17 incident. Francisco was never criminally charged in connection with the incident, although he was terminated from employment at NACSB.

The complaint alleges that after the incident, Alicea was "led to believe that everything was going well with her job" and her supervisor "continued to reassure her not to worry." (Compl. ¶ 18). Despite those reassurances, she had hints that all was not well. First, she received an email stating that NACSB was transitioning a new manager for the Belmont location—apparently into her job. When asked, her supervisor told her that the new manager would be placed at a different location. Later, she saw an advertisement on Craigslist.com stating that NACSB was interviewing candidates for a manager position, but was again reassured that the advertisement concerned a different position and that she would not be replaced.

On February 4, 2013, Alicea was terminated. She was "ultimately replaced by a younger (under age 40), male, Caucasian employee." (Compl. ¶ 25).

On September 23, 2016, Alicea brought this action alleging claims for discrimination and retaliation under Title VII and the ADEA. On December 20, 2016, defendant moved to dismiss the complaint under Fed. R. Civ. P. 12(b)(6).

## II. Analysis

On a motion to dismiss, the court "must assume the truth of all well-plead[ed] facts and give the plaintiff the benefit of all reasonable inferences therefrom." *Ruiz v. Bally Total Fitness Holding Corp.*, 496 F.3d 1, 5 (1st Cir. 2007) (citing *Rogan v. Menino*, 175 F.3d 75, 77 (1st Cir. 1999)). To survive a motion to dismiss, the complaint must state a claim that is "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555 (citations omitted). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 556). Dismissal is appropriate if the complaint fails to set forth "factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory." *Gagliardi v. Sullivan*, 513 F.3d 301, 305 (1st Cir. 2008) (quoting *Centro Médico del Turabo, Inc. v. Feliciano de Melecio*, 406 F.3d 1, 6 (1st Cir. 2005)).

### A. Discrimination Claims Under Title VII and ADEA

Title VII generally prohibits an employer from discriminating against an employee based on his or her "race, color, religion, sex, or national origin." 42 U.S.C. § 2000e–2(a). The ADEA generally prohibits an employer from discriminating against an employee over the age of 40. 29 U.S.C. §§ 623(a)(1), 631(a).

Under either statute, the complaint must set forth some facts indicating a relationship between the plaintiff's protected characteristic (such as race, sex, or age) and some adverse employment action taken against the plaintiff. It is not enough to allege, without more, that the

plaintiff is a member of a protected class and that she was fired, or even that she was fired unfairly. Put simply, the complaint has to allege a plausible basis for a claim of *discrimination*, not just unfair treatment.

Here, the complaint alleges that plaintiff is a member of three protected classes: she is Hispanic, female, and over the age of forty. But there is not a single allegation in the complaint that connects her termination to her protected status. The complaint focuses on the purported misconduct of her son, and alleges that she was misled concerning the security of her position. However, those allegations have nothing to do with her gender, race, or age. Indeed, the complaint is devoid of *any* facts connecting plaintiff's termination to her race, gender, or age. It does not even allege that her membership in a protected class has some connection to her claim. Instead, both the Title VII and ADEA counts simply allege that plaintiff was "terminated under pretext and/or in retaliation of the alleged incident involving her son." (Compl. ¶¶ 32, 38).

At the motion hearing, plaintiff's counsel argued that the allegations of the complaint were sufficient to permit discovery into the basis for the termination. But that is not the way the civil justice system works. The mere fact that a female, Hispanic, or older employee was terminated does not trigger a right to conduct discovery, in hopes that evidence of a discriminatory motive may turn up. Title VII and the ADEA prohibit unlawful discrimination; a complaint under those statutes requires plausible, factual, non-conclusory allegations of discrimination. The complaint here contains no real allegation of discrimination at all, much less a plausible one. That, without more, does not give rise to a cause of action under Title VII or the ADEA.

### B. Retaliation Claims Under Title VII and ADEA

Plaintiff's claims for retaliation under Title VII and the ADEA are likewise problematic.

Title VII makes it unlawful for an employer to discriminate against any employee "because [she] has opposed any practice made an unlawful employment practice" under Title VII. 42 U.S.C. § 2000e–3(a). Similarly, the ADEA prohibits employers from discriminating against any employee who "has opposed any practice made unlawful by this section." 29 U.S.C § 623(d).

Again, the complaint does not allege that plaintiff ever opposed a practice that she considered discriminatory under Title VII or the ADEA. Instead, the complaint simply states that "defendant illegally retaliated against [p]laintiff based on the alleged incident involving her son." (Compl. ¶¶ 33, 39). That allegation does not state a plausible claim for retaliation under Title VII or the ADEA.

### III. Conclusion

For the foregoing reasons, defendant's motion to dismiss is GRANTED.

**So Ordered.**

Dated: February 6, 2017

/s/ F. Dennis Saylor
F. Dennis Saylor IV
United States District Judge